(No. 1737—          )

ILLINOIS CENTRAL RAILROAD COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1933.*

GRAHAM & GRAHAM, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL I. DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim for money advanced by claimant on behalf of the respondent in compliance with an order of the Illinois Commerce Commission, entered May 5th, 1928, in Case No. 14473 of the Commerce Commission. It appears this order was entered after a fair hearing on an application made by the City of Bloomington for a separation of grade at a point in the City of Bloomington, where the claimants' tracks and right-of-way crosses Oakland Avenue, in said City of Bloomington. It further appears that a subway for the street was contemplated and that the State of Illinois was represented at said hearing by its Attorney General. The construction was ordered to be paid by the Commerce Commission in the manner following: Fifty per cent by the Illinois Central Railroad Company; twenty-five per cent by the State of Illinois and twenty-five per cent by the Illinois Power and Light Corporation and the City of Bloomington. It appears from the record that the construction of said subway was completed to the satisfaction of the State of Illinois Highway Department and that there was no question raised as to the work being done properly and with the proper expenditures. It further appears that the cost of construction has been agreed upon; that the City of Bloomington and the Illinois Power & Light Corporation have paid their proportions of the cost of such structure, under the Commerce Commission order; that the State of Illinois has not reimbursed the Illinois Central for the twenty-five per cent it was ordered to pay by the Commission's order.

The Attorney General filed herein a statement setting forth that there was no argument as to the liability of the State of Illinois and recommends the award being allowed in the sum of $35,072.10. This court in considering this case is of the opinion that this structure was built and constructed under the order of a representative Commerce Commission and that the costs of the structure was within the knowledge of the Highway Department, Commerce Commission and

Attorney General and therefore good faith has been shown that the claimant entered upon this expenditure with proper authority and in fact was ordered to make such construction, as above set forth. This court is further of the opinion that this is a legal and equitable claim against the State of Illinois and one that should not be avoided in view of all the facts and circumstances shown in the record herein, and further in view of the fact that the Attorney General has consented to an award as above set forth, this court is of the opinion that in view of the position taken by the Commerce Commission and the order entered by that body and the consent of the Highway Department and the consent of the Attorney General that an award should be entered.

This court, therefore, recommends that an award be made in the sum of $35,072.10 to the claimant and recommends that proper appropriation be made for such payment by the Legislature of the State of Illinois.